IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RICHARD J. SAMSON, duly appointed Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>GEORGE MANLOVE, an individual, and PAUL NISBET, an individual, as Officers and Directors of Vann's Inc.; and JOHN DOES 1-10,<br><br>Defendants. | CV 13-183-M-DLC-JCL (lead case)<br><br>(consolidated with)<br>CV-13-212-M-DLC-JCL<br><br>FINDINGS & RECOMMENDATION |
| RICHARD J. SAMSON, duly appointed Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>GEORGE MANLOVE, PAUL NISBET, ROB STANDLEY, and MARK HOPWOOD, individuals; GMRP, LLC; JPEG, LLC; GMP, LLC; PAINTED SKY, LLC; and JOHN DOES 1-10,<br><br>Defendants. | |

-1-

Plaintiff Richard Samson ("the Trustee") is the duly appointed Chapter 7 bankruptcy trustee for the estate of Vann's Inc. (Doc. 27, ¶ 1). He brings this consolidated action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., on behalf of the bankruptcy estate and participants in Vann's employee stock ownership plan ("ESOP"). The Trustee moves for partial summary judgment, asking the Court to declare as a matter of law that he has standing to pursue ERISA breach of fiduciary duty claims on behalf of the ESOP participants. Because the Trustee has standing as a successor fiduciary, his motion should be granted.

I. **Background**

Before it filed for bankruptcy in August 2012, Vann's was in the business of selling home electronics and appliances at various retail store locations in Montana. (Doc. 11, ¶ 5(b)&(c)). Vann's adopted its ESOP in July 1993. (Doc. 28, ¶ 3). The ESOP did not accumulate cash for investment purposes, and its assets consisted solely of shares of Vann's stock. (Doc. 28, ¶ 5). The ESOP identified Vann's as the Plan Administrator, and also designated Vann's as a named fiduciary. (Doc. 28-1, at 16 & 65).

Defendant George Manlove ("Manlove") is Vann's former chief executive officer, and also served as chairman of the board of directors and as a trustee of

Vann's ESOP. (Doc. 11, ¶ 5(e)). Defendant Paul Nisbet ("Nisbet") was Vann's chief financial officer, a member of the board of directors, and a trustee of the ESOP. (Doc. 11, ¶ 5(f)). Nisbet and Manlove were both fiduciaries as to the Vann's ESOP. (Doc. 27, ¶ 5).

On August 30, 2013, the Trustee commenced this action against Manlove and Nisbet on behalf of Vann's bankruptcy estate and Vann's ESOP participants, alleging claims for breach of ERISA fiduciary duties and breach of corporate duties. Several days later, the Trustee initiated an adversary proceeding against Manlove, Nisbet, and others in the United States Bankruptcy Court for the District of Montana. The adversary proceeding was subsequently withdrawn from Bankruptcy Court and consolidated with this action. The Trustee has filed an Amended Complaint on behalf of Vann's bankruptcy estate and the ESOP participants. (Doc. 34).

Generally speaking, the Trustee claims that Manlove and Nisbet breached their ERISA and corporate duties by compensating themselves at the expense of the ESOP participants and driving Vann's into insolvency. (Doc. 34, ¶¶ 33-52). He alleges, for example, that Manlove and Nisbet caused Vann's to make rent payments to various limited liability companies ("LLCs") in which they were members, and to pay for excessive personal expenses and bonuses. (Doc. 34, 53-

59; 66-67).

Manlove and Nisbet have challenged the Trustee's standing to bring breach of ERISA fiduciary duty claims on behalf of the ESOP participants (Doc. 6, at 2), prompting the Trustee to move for partial summary judgment to resolve this threshold issue.

## II. <u>**Summary Judgment Standard**</u>

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also, Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "The purpose of partial summary judgment 'is to isolate and dispose of factually unsupported claims or defenses.'" *E.piphany, Inc. v. St. Paul Fire & Marine Ins. Co.*, 590 F.Supp.2d 1244, 1250 (N.D. Cal. 2008)(*quoting Celotex*, 477 U.S. at 323-24). In considering a motion for summary judgment, the court "may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 130, 150 (2000); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). The Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in the non-moving party's favor. *Anderson*, 477 U.S. at 255; *Betz v. Trainer Wortham & Co., Inc.*, 504 F.3d 1017, 1020-21 (9th Cir. 2007).

## III. Discussion

The Trustee takes the position that he has standing to pursue ERISA breach of fiduciary claims against Manlove and Nesbit ("Defendants") pursuant to § 704(a)(11) of the Bankruptcy Code, which states that a trustee shall:

> if, at the time of the commencement of the case, the debtor (or any entity designated by the debtor) served as the administrator (as defined in section 3 of [ERISA]) of an employee benefit plan, continue to perform the obligations required of the administrator . . .

11 U.S.C. § 704(a)(11).

This provision makes clear that if the debtor is serving as the plan administrator when it files for bankruptcy, the bankruptcy trustee must continue to perform the debtor-plan administrator's obligations. *See e.g. In re NSCO, Inc.*, 427 F.R. 165, 174 (D. Mass. 2010). Section 704(a)(11) is thus "unique in that it imposes upon the Chapter 7 trustee additional fiduciary obligations regarding assets which are not property of the debtor's bankruptcy estate..." *In re Robert Plan Corp.*, 439 B.R. 29, 39-40 (E.D. N.Y. 2010). A bankruptcy trustee acting as an ERISA plan administrator under § 704(a)(11) has standing based on his role as an ERISA fiduciary to bring suit on behalf of the plan participants. *See McLemore v. Regions Bank*, 682 F.3d 414, 419-21 (6th Cir. 2012); *In re Trans-Industries*, 419 B.R. 21, 24 (E.D. Mich 2009) (parties agreed that bankruptcy trustee had standing

based on § 704(a)(11) to pursue ERISA breach of fiduciary duty claims against ERISA plan fiduciaries where the debtor was serving as the plan administrator).

It is undisputed that the ESOP in this case designates Vann's, the debtor, as the Plan Administrator. (Doc. 28-1, at 16 & 65). Because Vann's was serving as the plan administrator when it filed for bankruptcy in August 2012, the Trustee was required under § 704(a)(11) to assume that role and continue to perform the obligations required of Vann's as administrator of the ESOP. According to the Trustee, this means he is an ESOP fiduciary with standing to bring suit on behalf of the ERISA plan participants pursuant to 29 U.S.C. § 1132(a).

Section 1132(a)(2) of ERISA authorizes plan participants, beneficiaries, and fiduciaries to bring suit for appropriate relief under 29 U.S.C. § 1109, which in turn authorizes claims for breach of fiduciary duty. *See Paulsen v. CNF Inc.*, 559 F.3d 1061, 1072 (9th Cir. 2009). A person is a fiduciary under ERISA "to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, . . . or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(a).

Defendants argue that Vann's did not qualify as a fiduciary of the ESOP

under this definition, and so take the position that the Trustee cannot be considered a successor fiduciary with standing to bring this action on behalf of the ESOP participants. Defendants begin with the plain text of § 704(a)(11), which requires a trustee to "continue to perform the obligations required of the administrator." Although the ESOP designated Vann's as the plan administrator, Defendants maintain that Vann's did not actually perform the discretionary obligations typically required of an administrator.

Defendants thus challenge the notion that a plan administrator automatically qualifies as a fiduciary. Defendants rely on several out-of-jurisdiction cases for the proposition that whether a plan administrator also qualifies as a fiduciary depends on the administrator's actual function. *See e.g. Gomez-Gonzalez v. Rural Opportunities, Inc.*, 626 F.3d 654 (1st Cir. 2010) (defendant employer that was not the named plan administrator and performed only ministerial functions was not a plan fiduciary); *Chicago District Council of Carpenters Welfare Fund v. Caremark, Inc.*, 474 F.3d 463 (7th Cir. 2007) (defendant pharmaceutical benefit management company without discretionary authority over management of the plan was not a fiduciary); *Michigan Affiliated Healthcare v. CC Systems*, 139 F.3d 546 (6th Cir. 1998) (defendant third party claims administrator not a plan fiduciary because it had no discretion or decision making authority); *Klosterman v. Western*

*Gen. Mgmt.*, 32 F.3d 1119 (7th Cir. 1994) (defendant claims administration company's adjudication of claims for health insurance benefits did not involve discretionary authority and so did not render the company a fiduciary within the meaning of ERISA); *Crocco v. Xerox Corp.*, 956 F.Supp. 129 (D. Conn. 1997) (third party claims administrator with only advisory authority not an ERISA fiduciary, and so not a proper party defendant).

Generally speaking, these cases stand for the widely accepted proposition that whether a defendant employer or third party administrator qualifies as an ERISA plan fiduciary depends on whether it performs discretionary functions or has only ministerial responsibilities. But because they do not address the issue here, which is whether the entity that is actually named in the plan as the plan administrator is an ERISA fiduciary authorized to bring suit under § 1132(a)(2), these cases are inapposite.

Courts and other authorities recognize a distinction between positions that "inherently require discretionary fiduciary responsibilities," like that of the designated plan administrator, and those that "assume fiduciary statues because the party has performed one of the functions detailed in" ERISA. *Robbins v. First American Bank of Virginia*, 514 F.Supp. 1183, 1189 (N.D. Ill. 1981) (citing Little and Traikill, *Fiduciaries Under ERISA: A Narrow Path to Tread*, 30 Vanderbilt L.

Rev. 1, 6 (1977)). A designated plan administrator is, by definition, a plan fiduciary. See 29 C.F.R. § 2509.75-8, D-3 (1982) (explaining the position of plan administrator by its "very nature" involves discretionary functions, which means that the designated plan administrator is automatically considered a fiduciary of the plan). Because Vann's was the designated plan administrator, it was necessarily an ERISA fiduciary with standing to bring suit under § 1132(a).

Even if that were not the case, Vann's would nonetheless qualify as a fiduciary under the functional approach advocated by Defendants. Defendants argue that all discretionary authority and control regarding management of the ESOP was vested not in Vann's, but in a Committee appointed by Vann's Board of Directors.

The ESOP indeed provided for a "'Committee' appointed by the Board of Directors to administer the Plan in accordance with Section 18 of the Plan...." (Doc. 28-1, at 8). At all times relevant to this action, Defendants were the Committee's two only members. (Doc. 26, at ¶ 10). Section 18 specifically designated both the Committee and Vann's as named fiduciaries, but stated that "each party's role as a named fiduciary shall be limited solely to the exercise of its own authority and discretion, as defined under this Plan, to control and manage the operation and administration of this Plan." (Doc. 28-1, at 65). Although Vann's

was thus designated as a named fiduciary, Defendants maintain that it did not actually function as a fiduciary and only the Committee actually exercised any discretionary authority with respect to management and operation of the ESOP.

The Court is not convinced. "[A]s a matter of established law, a corporation [like Vann's] acts through its board of directors to effectuate its corporate duties." *In re Enron Corp. Securities, Derivative & ERISA Litigation*, 284 F.Supp.2d 511, 660 (S.D. Tex. 2003) (citing *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 80-81 (1995)). Vann's, acting through its Board of Directors, thus exercised its discretion both by appointing the Committee members and by reviewing their performance. (Doc. 28-1 at 8, 65). See e.g. *Coyne & Delany Co. v. Selman*, 98 F.3d 1457 (4th Cir. 1996) (the power "to appoint, retain and remove plan fiduciaries constitutes 'discretionary authority' over the management" of a plan). Vann's also had the discretionary authority "to amend the Plan from time to time by action of the Board of Directors." (Doc. 28-1 at 74). See e.g. *Bromenn Healthcare v. Northwestern,* 806 F.Supp. 799, 804 (C.D. Ill. 1992) (plaintiff with authority to terminate, modify, or amend plan and delegate administration was fiduciary with standing); *Ed Miniat v. Globe Life*, 805 F.2d 732, 736 (7th Cir. 1986), *cert. denied* 482 U.S. 915 (plaintiff with authority to amend plan was ERISA fiduciary with standing to bring suit under § 1132(a)). Because Vann's

thus exercised discretionary authority over management of the ESOP, it was an ERISA fiduciary with standing to bring suit under § 1132(a).

As set forth above, Vann's was a fiduciary of the ESOP both by virtue of its designation as plan administrator and the fact that it exercised discretionary authority over management of the ESOP. As Vann's successor in interest pursuant to § 704(a)(11), the Trustee has assumed Vann's role as plan administrator and ERISA fiduciary, which means that he has standing to bring this action on behalf of the ERISA plan participants.

In closing, Defendants raise conflict of interest concerns. They argue that allowing the Trustee to pursue breach of fiduciary claim on behalf of the plan participants would put him in a position adverse to the creditors of the bankruptcy estate because any recovery by the plan participants in this action would reduce the funds available to pay Vann's creditors in the bankruptcy action. But because any such conflict of interest concerns have nothing to do with the issue of standing, they are not relevant for present purposes and Court need not address them here.

## IV. Conclusion

For the reasons set forth above, the Court concludes that the Trustee has standing under § 704(a)(11) to pursue ERISA breach of fiduciary duty claims on

behalf of the ESOP participants. Accordingly,

IT IS RECOMMENDED that Plaintiff's motion for partial summary judgment be GRANTED.

DATED this 3rd day of June, 2014

_____
Jeremiah C. Lynch
United States Magistrate Judge