IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RICHARD J. SAMSON, duly appointed Chapter 7 Trustee, et al.,<br><br>Plaintiff,<br><br>vs.<br><br>GEORGE MANLOVE, an individual, and PAUL NISBET, an individual, as Officers and Directors of Vann's Inc.; and JOHN DOES 1-10,<br><br>Defendants. | CV 13-183-M-DLC-JCL<br>(lead case)<br><br>(consolidated with)<br>CV-13-212-M-DLC-JCL<br><br>ORDER<br><br>**FILED**<br><br>SEP 30 2014<br><br>Clerk, U.S. District Court<br>District Of Montana<br>Missoula |
| RICHARD J. SAMSON, duly appointed Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>GEORGE MANLOVE, JILL MANLOVE, PAUL NISBET, ROB STANDLEY, and MARK HOPWOOD, individuals; GMRP, LLC; JPEG, LLC; GMP, LLC; PAINTED SKY, LLC; and JOHN DOES 1-10,<br><br>Defendants. | |

Plaintiff Richard J. Samson ("the Trustee"), trustee for the Chapter 7 estate

1

of Vann's Inc. ("Vann's"), asserts claims against Defendants for breach of corporate duties and breach of fiduciary duties pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.[1] The Trustee moves for partial summary judgment on the issue of his standing to pursue the ERISA claims. Defendants George Manlove and Paul Nisbet ("Defendants") assert that the Trustee lacks standing.

United States Magistrate Judge Jeremiah C. Lynch issued findings and recommendations on June 3, 2014, recommending the Court grant the Trustee's motion for partial summary judgment. Defendants timely filed objections and are therefore entitled to de novo review of the specified findings and recommendations to which they object. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

For the reasons stated below, this Court adopts Judge Lynch's findings and recommendations in full. The parties are familiar with the factual and procedural background of this case, so it will not be repeated here.

---

[1] Following the commencement of this action, the Trustee filed an adversary proceeding against Defendants in the United States Bankruptcy Court for the District of Montana. That adversary proceeding has since been withdrawn by the Trustee and consolidated with this action.

## I. Defendants' Objections

### A. Vann's Fiduciary Status as the Plan Administrator

Defendants object to Judge Lynch's finding that Vann's was an ERISA fiduciary because it possessed authority over the employee stock ownership plan ("ESOP") by its designation as the plan administrator.[2] Defendants argue that designated plan administrators are not ERISA fiduciaries unless they qualify through a functional test. This test, as maintained by Defendants, requires designated plan administrators to actually exercise discretionary authority over the plan to qualify as fiduciaries. Thus, Defendants argue, because Vann's did not actually exercise authority over the plan, the Trustee, as Vann's successor in interest, was not a plan fiduciary and does not have standing to pursue the ERISA claims. Defendants are mistaken.

Under ERISA,

[A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, . . . or (iii)

---

[2] Section 704(a)11 of the Bankruptcy Code provides that if a debtor is serving as plan administrator when it files for bankruptcy, the bankruptcy trustee shall continue to perform the duties of the plan administrator. 11 U.S.C. § 704(a)(11). Further, a bankruptcy trustee serving as a plan administrator who qualifies as an ERISA fiduciary has standing to pursue claims on behalf of the ERISA plan participants. *See McLemore v. Regions Bank*, 682 F.3d 414, 419–421 (6th Cir. 2012). Thus, here, if the Trustee qualifies as an ERISA fiduciary, then he has standing to pursue the ERISA claims.

3

he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(a).

Thus, plan administrators are fiduciaries if they: (1) exercise discretionary authority or control over the plan; or (2) they possess discretionary authority or responsibility over management of the plan. Contrary to Defendants' argument, exercise of discretionary authority is only one way for plan administrators to qualify as fiduciaries. *See Dall v. Chinet Co.*, 33 F. Supp. 2d 26, 38–39 (D. Me. 1998). Mere possession of discretionary authority or responsibility by plan administrators is also sufficient to establish fiduciary status. *Id.* at 39; 29 U.S.C. § 1002(21)(a)(iii).

Here, the ESOP names Vann's as the plan administrator and its fiduciary. In addition to this designation, the ESOP gives Vann's discretionary authority and responsibility over the plan by allowing Vann's to: (1) appoint members of the ESOP's administrative committee ("the Committee"); (2) review the performance of the members of the Committee; and (3) amend or terminate the ESOP. Thus, Judge Lynch is correct that Vann's qualifies as an ESOP fiduciary.

Defendants challenge Judge Lynch's finding that designated plan

4

administrators automatically qualify as plan fiduciaries and cite[3] multiple cases in support of this challenge. The Court acknowledges that case law is far from clear on this issue. Compare *Robbins v. First Am. Bank of Virginia*, 514 F. Supp. 1183, 1189 (N.D. Ill. 1981) (finding that some positions, such as plan administrators, are by definition fiduciaries because these positions inherently require discretionary fiduciary responsibilities) (citing 29 C.F.R. § 2509.75–8), with *Cerasoli v. Xomed, Inc.*, 47 F. Supp. 2d 401, 407–408 (W.D.N.Y. 1999) (finding that a plan administrator's fiduciary status hinges on the amount of discretion given to the plan administrator under the plan, not the individual's designation as the plan administrator). However, the Court finds that these cases do not address the issue of standing and are inapposite to the issue in this case: whether the Trustee, sitting in the place of Vann's, is a fiduciary under the ESOP and thus has standing to bring the ERISA claim. As stated above, in addition to being the designated plan administrator and fiduciary, Vann's possessed discretionary authority and responsibility over the ESOP. Thus, regardless if Vann's established its fiduciary status through its designation as the plan administrator, or through the

---

[3] The Court notes that Defendants fail to use pinpoint citations throughout the entirety their brief. In addition to the frustration that this presents for the Court, these omissions are in violation of this district's local rules. Local Rule of Procedure 1.5(c) requires "[p]inpoint citation to paragraphs or pages of cases and to sections of statutes or acts . . . ." All future filings in this Court must comply with Local Rules.

discretionary authority and responsibility bestowed upon it by the plan, Vann's is a fiduciary under the ESOP. Judge Lynch correctly determined that the Trustee has standing to bring the ERISA claims.

**B. Exercise of Authority**

Defendants object to Judge Lynch's alternative finding that Vann's was a fiduciary because it exercised discretionary authority and control over the ESOP by appointing the Committee to administer the ESOP. Defendants contend that the Committee, and not Vann's, actually exercised authority and control over the plan and Judge Lynch erroneously conflates Vann's with the Committee. Therefore, according to Defendants, Vann's is not a fiduciary to the ESOP. Again, Defendants are mistaken.

Section 18 of the ESOP expressly names both the Board of Directors and the Committee as fiduciaries under the ESOP. Further, the ESOP provides that "[t]he Board of Directors shall have the following duties and responsibilities in connection with the administration of the Plan: . . . [m]aking decisions with respect to the selection, retention or removal of . . . the Committee." (Doc. 28-1 at 65.) Case law is clear that "a corporation acts through its board of directors to effectuate is corporate duties." *In re Enron Corp. Securities, Derivative & ERISA Litig.*, 284 F. Supp. 2d 511, 660 (S.D. Tex. 2003) (citing *Curtiss-Wright Corp. v.*

*Schoonejongen*, 514 U.S. 73, 80-81 (1995). Here, it is undisputed that Vann's, acting through its Board of Directors, appointed Defendants to the Committee. Therefore, Vann's exercised its authority and control over the ESOP by appointing the Committee members. Accordingly, Judge Lynch is correct that the Trustee, as Vann's successor in interest, has standing to bring the ERISA action.

There being no clear error in any of the remaining findings and recommendations,

IT IS ORDERED that Judge Lynch's Findings and Recommendations (Doc. 42) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that Plaintiff's motion for partial summary judgment (Doc. 17) is GRANTED.

Dated this 30th day of September 2014.

Dana L. Christensen, Chief Judge
United States District Court